UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MANUEL RODRIGUEZ,

                     *Petitioner*,

      -*against*-

M. SHEAHAM, *Superintendent, Five Point Correctional Facility*,

                     *Respondent*.

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 21, 2016
```

12 Civ. 5640 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Manuel Rodriguez seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his state court conviction for first degree gang assault.[1] He claims: (1) the evidence introduced against him was legally insufficient because it did not support a finding that he intended to cause "serious physical injury"; (2) the trial court improperly refused to submit the lesser-included offense of third degree assault to the jury; (3) a government witness improperly exceeded a pre-trial evidentiary ruling by testifying about Petitioner's prior use of a knife; (4) his sentence was "harsh and excessive," was improperly influenced by victim impact statements, and was an improper penalty for his decision to go to trial; and (5) the trial court erred in failing to reconsider the entire sentence when the case was remanded for imposition of a

---

[1] Petitioner was originally incarcerated at Five Point Correctional Facility in Romulus, New York; he has since been transferred to Fishkill Correctional Facility in Beacon, New York. The court *sua sponte* deems the petition amended to name Fishkill's Superintendent, Robert Cunningham, as a Respondent. *Berrettini v. Fed. Bureau of Prisons*, 2009 WL 1974319, at *3 (S.D.N.Y. July 8, 2009).

1

term of post-release supervision.

The Court holds that all of Petitioner's claims are procedurally defaulted or meritless. The petition is DENIED.

## BACKGROUND

Petitioner was a member of a drug organization that sold cocaine out of an apartment in upper Manhattan. (Dkt. 11, Pt. 5 at 420-24). Two government witnesses testified at trial that Petitioner had sold them cocaine over thirty times in the past, and one testified that Petitioner had threatened him with a knife during a dispute over a drug transaction. (*Id.* Pt. 4 at 42-43). On December 14, 2000, a drug dealer named Mario Talin and two of his accomplices entered the apartment under the pretense of a drug transaction, and stole cocaine and cash from Petitioner at knifepoint. (*Id.* Pt. 4-5 at 168, 171, 244, 260, 262). Petitioner ordered two of his associates to pursue the thieves as they fled. They caught Talin, and one of Petitioner's associates hit Talin over the head with a machete, causing him to fall to the ground. (*Id.* Pt. 5 at 303-05, 315-16). As Talin lay on the ground bleeding, Petitioner repeatedly punched him in the face; Talin did not fight back. (*Id.* Pt. 5 at 310). Petitioner then watched as Talin attempted to stand up and stagger away, but eventually collapsed. (*Id.* Pt. 5 at 312-13). Talin was taken to Harlem Hospital, where he died early the next morning. Petitioner fled to the Dominican Republic; upon his return five weeks later, he was arrested.

On June 17, 2002, a New York state jury found Petitioner guilty of first degree gang assault and not guilty of first degree manslaughter. (*Id.* Pt. 4 at 1009-11). On September 9, 2002, the trial court sentenced Petitioner to a prison term of twenty five years. The court made no reference to a term of post-release supervision, even though it was required by law to impose a term of between two and a half and five years. (*Id.* Pt. 6 at 25); *see also* Penal Law § 70.45(2)(f).

2

On September 19, 2002, however, the clerk of the court filed a Sentence and Commitment sheet initialed by the judge, which indicated that Petitioner was sentenced to the maximum five years of post-release supervision. Based on that document, the New York State Department of Corrections added five years of post-release supervision term to Petitioner's sentence.

Petitioner filed a counseled direct appeal, arguing (as relevant here): (1) the evidence was legally insufficient because it did not support a finding that he intended to cause "serious physical injury" (Dkt. 11, Ex. A at 32-37); (2) the court improperly refused to submit the lesser-included offense of third degree assault to the jury where there was a reasonable view of the evidence that Petitioner intended to cause only non-serious physical injury (*id.* at 37-41); (3) a government witness improperly exceeded the court scope of a pre-trial evidentiary ruling by testifying about Petitioner's prior use of a knife (*id.* at 42-47); and (4) the sentence was "harsh and excessive," was influenced by "improper considerations of victim worth," and was a penalty for Petitioner's decision to go to trial (*id.* at 48-58).

On October 26, 2006, the Appellate Division affirmed, holding: (1) the verdict was based on legally sufficient evidence because Petitioner's intent to cause serious physical injury to Talin could be "readily inferred" from the evidence; (2) based on that conclusion, the trial court properly refused to submit third degree assault as a lesser-included offense; (3) the evidentiary ruling claim was unpreserved; and (4) there was no basis for reducing the sentence. 33 A.D.3d 543, 544-45 (N.Y. App. Div. 1st Dept. 2006).

On November 17, 2006, Petitioner's counsel sought leave to appeal to the Court of Appeals to "review all issues" raised below. (Dkt. 11, Ex. D). Two weeks later, he filed a second letter seeking leave to also raise a claim that the clerk unlawfully added the five year term of post-release supervision to his sentence. (*Id.*) On January 10, 2007, the Court of Appeals denied

leave to appeal without prejudice, with leave to renew within thirty days of the Court's ruling in *People v. Louree*, a case that also dealt with the post-release supervision issue. 8 N.Y.3d 849 (2007).

On June 5, 2007, the Court of Appeals reversed the decision below in *Louree*, holding that a defendant does not waive his challenge to the sufficiency of his plea and sentencing allocution where the trial court fails to impose a term of post-release supervision at the allocution. 8 N.Y.3d 541 (2007). The next day, Petitioner renewed his application for leave to appeal. (Dkt. 11, Ex. G). On August 14, 2007, the Court of Appeals granted leave to appeal and consolidated Petitioner's appeal with four other cases. 9 N.Y.3d 881 (2007).

Petitioner filed a counseled brief in the Court of Appeals, raising only two claims: (1) the trial court improperly refused to submit the lesser-included offense of third degree assault; and (2) the clerk unlawfully added the five year term of post-release supervision to the sentence. (Dkt. 11, Ex. K at 27-65).

On April 29, 2008, the Court of Appeals affirmed in part and vacated in part. *People v. Sparber*, 10 N.Y.3d 457 (2008). First, the Court held that the lesser-included offense claim was meritless. *Id.* at 472-73. Second, the Court held that the procedure through which the trial court imposed the term of post-release supervision was flawed and remitted to the trial court for resentencing and proper pronouncement of a term of post-release supervision. *Id.* at 473.

On remand, the trial court resentenced Petitioner to twenty five years of imprisonment and a three year term of post-release supervision (rather than the five year term originally imposed). Petitioner again appealed, arguing that the sentence was excessive and the resentencing court improperly failed to exercise its discretion to reduce the twenty five year prison term. (Dkt. 11, Ex. P at 9-18).

4

On May 18, 2010, the Appellate Division modified the sentence by reducing the prison term to twenty years "as a matter of discretion in the interest of justice," and otherwise affirmed. 73 A.D.3d 541 (N.Y. App. Div. 1st Dept. 2010). Soon after, the government moved for reargument before the Appellate Division or leave to appeal to the Court of Appeals, on grounds that the Appellate Division had no authority to modify the prison term. (Dkt.11, Ex. S, T).

The Appellate Division granted reargument and, on March 3, 2011, the court vacated its earlier decision and reinstated the twenty five year prison term. 82 A.D.3d 418 (N.Y. App. Div. 1st Dept. 2011). The court held that a resentencing proceeding conducted pursuant to *Sparber* is not "a plenary resentencing that permits the court to reconsider the length of the prison component of the sentence"; it only permits resentencing as to the term of post-release supervision. *Id.* The Appellate Division also rejected arguments that the limited resentencing amounted to Double Jeopardy or Due Process violations. *Id.* at 419.

Petitioner appealed to the Court of Appeals, arguing that it was within the discretion of the resentencing court and Appellate Division to reconsider the prison term on remand to correct *Sparber* error. On April 28, 2011, the Court of Appeals affirmed the twenty five year prison term, holding that neither the resentencing court nor the Appellate Division could reconsider or reduce the prison component of the sentence on remand. *People v. Lingle*, 16 N.Y.3d 621, 634-36 (2011). Petitioner's conviction became final ninety days later, on July 27, 2011.

Petitioner now moves *pro se* to vacate the conviction.

## DISCUSSION

### I. Legal Standards

"Habeas review is an extraordinary remedy," *Bousley v. United States*, 523 U.S. 614, 621 (1998), and a petitioner seeking a writ of habeas corpus from a state court conviction must comply with the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254. First, a federal habeas petition must be timely, i.e. submitted within the one-year statute of limitations. § 2254(d). Second, a petitioner must exhaust his claims in state court. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must present to the state court "all of the essential factual allegations" and "essentially the same legal doctrine" asserted in the federal habeas petition. *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982). Such presentation must be made up through the highest court of the state. *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). Third, a federal court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted). If those requirements are met, relief is appropriate only where a petitioner shows that "the state court unreasonably applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was contrary to it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (internal quotation marks omitted).

As a general matter, unexhausted claims must be dismissed without prejudice to afford the petitioner an opportunity to exhaust the claim in state court. But if the petitioner can no longer exhaust the claim in state court, then the claim is deemed procedurally defaulted. *See Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011). Such claims are dismissed on the merits unless a petitioner can show either: (1) cause for the default and prejudice; or (2) that he is

6

actually innocent of the crime for which he was convicted. *Id.*

## II. Analysis

Petitioner raises five bases for § 2254 relief; all are procedurally defaulted or meritless.[2]

### A. Petitioner failed to exhaust the legal insufficiency claim

First, Petitioner argues that the evidence was legally insufficient because it did not support a finding that he intended to cause "serious physical injury." This claim is procedurally defaulted. While Petitioner raised this claim before the Appellate Division, he failed to argue it to the Court of Appeals after the Court granted leave to appeal. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). And Petitioner has made no showing of cause for default, prejudice, or actual innocence. The claim is denied.

### B. Petitioner's lesser-included offense claim is not cognizable on habeas review

Second, Petitioner contends that the trial court improperly refused to submit the lesser-included offense of third degree assault to the jury. Petitioner exhausted this claim by presenting it to the Court of Appeals on direct appeal; the Court of Appeals rejected it as meritless. 10 N.Y.3d 457, 472-73 (2008). But the claim is not cognizable on habeas review because the Supreme Court has never recognized a Due Process right to the submission of a lesser-included offense in a non-capital case. *Rice v. Hoke*, 846 F.2d 160, 164 (2d Cir. 1988); *see also Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996). The claim is denied.

### C. Petitioner failed to exhaust the evidentiary ruling claim

Third, Petitioner asserts that a government witness improperly exceeded the court's pre-trial evidentiary ruling by testifying about Petitioner's prior use of a knife. This claim is

---

[2] The petition is timely because it was filed less than one year after the conviction became final on July 27, 2011.

procedurally defaulted because Petitioner did not raise it in the Court of Appeals on direct appeal. Again, Petitioner makes no showing of cause for default or prejudice. The claim is denied.

### D. Petitioner failed to exhaust his challenges to the sentence

Fourth, Petitioner claims that his sentence was harsh and excessive, was improperly influenced by victim impact statements, and was a penalty for his decision to go to trial. These claims are similarly procedurally defaulted because they were not presented to the Court of Appeals, and there is no indication of cause for default or prejudice. The claims are denied.

### E. Petitioner's *Sparber* claim is not cognizable on habeas review

Finally, Petitioner asserts that the trial court erred in not reconsidering the entire sentence on *Sparber* remand. This claim is exhausted because it was raised and ruled on by the Court of Appeals. *People v. Rodriguez*, 9 N.Y.3d 881 (2007). But since Petitioner presented the claim to the Court of Appeals entirely in state-law terms, it is not cognizable on habeas review. (*See* Dkt. 11, Ex. II at 27-45). The claim is denied.

## CONCLUSION

The Court DENIES the petition. As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgement and terminate 12 cv 5460.

Dated: New York, New York
       June [21], 2016

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:
Manuel Rodriguez
02-A-5315
Fishkill Correctional Facility
271 Matteawan Road, P.O. Box 1245
Beacon, New York 12508-0307

----------

Manuel Rodriguez
02-A-5315
Five Points Correctional Facility
P.O. Box 119
Romulus, NY 14541

8